## In re Kelly's Estate

*Edward P. Doran*, for appellants; *Marker & Rial*, contra.

COPELAND, P. J., June 26, 1933.—This is an appeal by the administrators of the estate of Michael J. Kelly, deceased, who was a resident of Mount Pleasant Borough, Westmoreland County, Pa., and who died October 4, 1932.

The main reason assigned for this appeal is as follows: "The board for the assessment and revision of taxes erred in assessing the 4-mills tax against the estate of said decedent for the year 1927 on the sum of $45,174.00, to wit, $180.70, and interest thereon for 5 years, 54.21, in all the sum of $234.91."

The following is a statement made by the Board for the Assessment and Revision of Taxes for Westmoreland County of the personal property of the decedent, together with a computation of the tax and interest on the delinquent amounts, etc.:

"Board for the Assessment and Revision of Taxes for Westmoreland County, Pa.

Term————————————

Estate of Michael J. Kelly,

Address Mt. Pleasant, Pa.

Attorneys for estate, Edward P. Doran, Greensburg, Pa.

### Assessment

Certificate of deposit, First National Bank: 1927, $41,500; 1928, $40,000; 1929, $48,500; 1930, $43,900; 1931, $41,450; 1932, $30,911.83. Total $246,261.83.

Mullen mortgage: 1927, $3,674; 1928, 3,569; 1929, $3,569; 1930, $3,569; 1931, $3,569; 1932, $3,569. Total $21,519.

Total for 1927, $45,174; 1928, $43,569; 1929, $52,069; 1930, $47,469; 1931, $45,019; 1932, $34,480.83. Grand total, $267,780.83.

Less returns made for 1928, $2,000; 1929, $2,000; 1930, $2,000; 1931, $3,000; 1932, $3,000. Total returns made, $12,000.

Net total for 1927, $45,174; 1928, $41,569; 1929, $50,069; 1930, $45,469; 1931, $42,019; 1932, $31,480.83. Net total, $255,780.83.

### Computation of Taxes

| Year | Tax @ 4 Mills | Int. at 6% | Delinquent | Total |
|------|---------------|------------|------------|-------|
| 1927 | 180.70 | 54.21 | 5 years | 234.91 |
| 1928 | 166.28 | 39.91 | 4 years | 206.19 |
| 1929 | 200.28 | 36.05 | 3 years | 236.33 |
| 1930 | 181.88 | 21.83 | 2 years | 203.71 |
| 1931 | 168.08 | 10.08 | 1 year | 178.16 |
| 1932 | 125.92 | | | 125.92 |

Total tax.........$1,185.22."

It appears from the above statement that the delinquent taxes were assessed for a period of 5 years prior to the year of the date of the death of the decedent. It appears from the appeal taken in this case that it is from the taxes and interest assessed for the year 1927.

The decedent, as we have already noted, died on October 4, 1932, when it first came to the notice of the board for the assessment and revision of taxes that the decedent had not made proper returns. The board, as appears from the above statement, assessed the decedent for taxes for 1932 and for 5 years prior thereto. The question now before the court is whether or not the tax imposed by law is for 5 years prior to the death of the decedent or whether the 5 years under this act means the inclusion of the year of his death within that 5-year period.

The Act of June 17, 1913, P. L. 507, and its amending Acts of May 31, 1923, P. L. 474, May 13, 1927, P. L. 985, April 30, 1929, P. L. 871, May 2, 1929, P. L. 1509, and June 12, 1931, P. L. 544, cover the legislation dealing with the subject matter before us.

The Act of 1923, supra, amending section 5 of the Act of 1913, supra, provides, inter alia: "Provided further, That in cases where, by the refusal or failure of any taxable person, copartnership, unincorporated association, limited partnership, joint-stock association to make return, a return has been made by the assessor and a penalty has been added by the county commissioners or board of revision of taxes, or a return so made and no penalty added, such action shall not estop the county or city from the collection of any additional tax due whenever the facts may become known, and it shall be the duty of the officers charged with the assessment and collection of such taxes to assess or reassess any such personal property for any former year or years and collect the balance of the tax which should have been paid, together with interest thereon at the rate of six per centum."

The Act of 1927, supra, which further amends section 5 of the Act of 1913, supra, provides, inter alia: "Provided further, That in cases where, by the refusal or failure of any taxable person, copartnership, unincorporated association, limited partnership, joint-stock association, or corporation, to make return, a return has been made by the assessor which is incomplete, and a penalty has been added by the county commissioners or board of revision of taxes, or a return so made and no penalty added, or where by such refusal or failure no return has been made either by him or it or by the assessor, such action shall not estop the county or city from the assessment and collection, from him or it or from the estate of any deceased person so failing or refusing, of any tax or additional tax due whenever the facts may become known; and it shall be the duty of the officers charged with the assessment and collection of such taxes to assess or reassess any such personal property for any former year or years, not exceeding five years, and collect the tax or the balance of the tax which should have been paid, together with interest thereon, at the rate of six per centum per annum."

The Act of 1931, supra, which further amends section 5 of the Act of 1913, supra, substantially reënacts the provisions of the Acts of 1923 and 1927 which we have quoted.

The provisions of these various acts of assembly, which come into question, are as follows: "That in cases where, by the refusal or failure of any taxable person, . . . to make return . . . or where by such refusal or failure, no return has been made either by him or it or by the assessor, such action shall not estop the county commissioners or board of revision of taxes from the assessment and collection, from him or it or from the estate of any deceased person so failing or refusing, of any tax or additional tax due whenever the facts may become known; and it shall be the duty of the county commissioners or board of revision of taxes to assess or reassess any such personal property for any former year or years, not exceeding five years, and collect the tax or the balance of the tax which should have been paid, together with interest thereon at the rate of six per centum per annum": Act of 1931, supra.

In the instant case, there was no return made or filed in 1927. In each of the years 1928, 1929, 1930, 1931, and 1932, an incomplete return was filed. The acts of assembly clearly provide that the board for the assessment and revision of taxes shall assess the personal property for the year in which there was a failure to make a return and reassess the personal property for the years in which there was an incorrect return made. When the board for the assessment and revision of taxes became cognizant in 1932 of the fact that an incomplete return had been filed, it was the duty of the board to make a reassessment for that year. Then, following the language of the act of assembly, it was the duty of the board to assess or reassess the personal property for any former year or years, not exceeding 5 years; that is to say, the board for the assessment and revision of taxes shall assess the personal property for the current year when it has information that an incomplete or wrongful return has been filed, and then it shall have the right to go back to a former year or years, not exceeding 5 years, and assess the tax or the balance of the tax which should have been paid for any former year or years, together with interest thereon at the rate of 6 per centum per annum.

It is true that the board for the assessment and revision of taxes did not learn of the incomplete returns that had been filed until after the death of the decedent in this case on October 4, 1932, and the taxes on personal property for the year 1932 were due and payable before that time, but the legislature made no provision for the inclusion of the year when the fact of a wrongful return came to the knowledge of the board, which, if it had intended so to do, it could have done by the insertion of a few words. The legislature specifically provides that whenever the fact that any tax or additional taxes are due may become known it shall be the duty of the board to assess or reassess the personal property for any former year or years not exceeding 5 years.

The words "former year or years" in these acts of assembly clearly indicate, in the opinion of the court, that the year when the facts become known was excluded and that an assessment or a reassessment of taxes could be made for a period not exceeding 5 years prior to the year in which the board received knowledge of the wrongful return.

This language of these acts of assembly, "that in cases where, by the refusal or failure of any taxable person . . . to make return . . . such action shall not estop the . . . board of revision of taxes from the assessment and collection, from him . . . or from the estate of any deceased person . . . any tax or additional tax due whenever the facts may become known; and it shall be the duty of

the . . . board of revision of taxes to assess or reassess any such personal property for any former year or years, not exceeding five years, . . ." leads us irresistibly to the conclusion that the year in which the knowledge that there had been a failure to make a return or that an improper return had been made has come to the board for the assessment and revision of taxes is excluded and that the words "former year or years, not exceeding five years" in these acts of assembly places the duty on the board to go back 5 years prior to the year in which this knowledge came to it; or, in other words, as we view this legislation, the board had the right to reassess the taxes for the year in which the knowledge came to it and then go back "for any former year or years, not exceeding five years", and it having so done, this appeal should be dismissed.

And now, to wit, June 26, 1933, after argument and after due and careful consideration, all judges concurring, it is ordered, adjudged and decreed that the appeal in this case be and the same is hereby dismissed at the cost of the appellants.